# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 09-03007-01-CR-S-ODS |
| ) | |
| SCOTT JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. The case is before the Court on defendant's Motion to Dismiss [Doc. # 19], to which the government has responded [Doc. # 21].

Defendant contends that the indictment against him, charging him with Sexual Exploitation of Children, in violation of 18 U.S.C. § § 2251(a) and (e), should be dismissed because the videos that the government intends to introduce at trial do not exhibit "sexually explicit conduct," which is a necessary element of the crime of sexual exploitation of children. Defendant requests that the Court review the videos to be offered by the government as evidence at trial in this case at the earliest possible time to determine if the content of those videos depicts "sexually explicit conduct," defined as "lascivious exhibition of the genitals or pubic area." 18 U.S.C. § 2256(2)(A).

It is defendant's position that, pursuant to Eighth Circuit law, the district court should conduct a preliminary review of whether materials offered by the government depict sexually explicit conduct, as a matter of law. United States v. Rayl, 270 F.3d 709, 714 (8th Cir. 2001).

The government does not address Rayl, relying instead on its position that defendant cannot challenge the sufficiency of the evidence in a motion to dismiss, and further, that this is matter for the fact finder to resolve. In support thereof, the government sets out the model jury instructions for the Eighth Circuit Model Criminal Jury Instruction Number 6.18.2252(A)(1), which set forth the factors to be considered in finding "[w]hether a visual depiction of the genitals or pubic area constitutes a lascivious exhibition . . ." The government contends that the question presented is ultimately a question for the jury, and that there is no basis to dismiss the indictment.

At the outset, it is important to note that the Eighth Circuit suggested in Rayl, in what was most likely dicta, see United States v. Frabizio, 459 F.3d 80, 82 (1st Cir. 2006), that it would recommend that the district court conduct a preliminary review of materials offered by the government to determine whether they depict sexually explicit conduct as a matter of law. Rayl, 270 F.3d at 714. The Eighth Circuit did not suggest that such a review should be conducted pursuant to a motion to dismiss. Rather, based on the facts of Rayl, it appears clear that the Eighth Circuit was contemplating a review at some point prior to admitting exhibits at trial. Presumably, such a review would occur subsequent to a relevancy objection, such as in Rayl, or perhaps in a motion in limine to exclude evidence prior to trial. There is nothing to indicate that the Eighth Circuit was suggesting that the review be conducted pursuant to a motion to dismiss. Additionally, the Rayl court appeared to further limit its "recommendation" by stating that, "[b]ecause the issue raises First Amendment concerns, and because the potential prejudice in allowing the government to introduce and submit to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could properly be found to be child pornography, we think the district court should conduct a preliminary review. . . ." Id. at 714.

The Court must note, additionally, that there is not a case on point in this Circuit that relies

on Rayl, nor has the arguable dicta been examined or explained . Actually, it appears that it has only been examined in a footnote by the First Circuit in Fabrizio, where the Court observed that the Eighth Circuit's recommendation was made in dicta, disagreed with the proposition that the court should review the materials to determine whether the materials in question depicted sexually explicit conduct as a matter of law, and held that the matter is a jury question. 459 F.3d at 88 n.11. In Fabrizio, the district court had conducted a pretrial review of nineteen images, assessing whether a reasonable jury could find that they depicted sexually explicit conduct. The district court excluded several of the exhibits, finding that no reasonable juror could conclude that the exhibits met the statutory requirement of "lascivious exhibition of the genitals or pubic area." The First Circuit reversed, in an interlocutory appeal by the government, disagreeing with the district court's ultimate conclusion, and on the methodology of analysis it used. It observed that "only one circuit court has even suggested–in dicta–that a district court should conduct a preliminary review of images before they are submitted to a jury, and even then only where there was 'potential prejudice. . . '" 459 F.3d at 88 n.11.

The only Eighth Circuit case to cite to Rayl for the proposition upon which defendant relies, is United States v. Kemmerling, 285 F.3d 644, 645 (8th Cir. 2002). In that case, however, the Eighth Circuit only referred to Rayl in terms of whether it should conduct a de novo review of the evidence, which the district court had reviewed in a judge-tried case, and held that it should not.

While the Court believes that Fabrizio may be correct in its conclusion that this statement in Rayl is mere dicta, the Court, after careful review, concludes that, regardless of the precedential value of Rayl, it does not address at what stage of the proceedings the district court's review should be conducted, and clearly does not recommend that the matters in question be reviewed pursuant to a motion to dismiss the indictment. While the Court finds that Rayl may be applicable at some point

in this case, there is no legal reason to conclude that this Court should be bound by it in defendant's motion to dismiss.

After careful consideration, the Court concludes that because defendant's motion attacks the sufficiency of the evidence, it is not properly before the Court. "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir.1999) (citing Costello v. United States, 350 U.S. 359, 363-64 (1956); see United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001)(an indictment is not open to challenge on the grounds that there is inadequate or insufficient evidence; sufficiency can be tested by a motion for acquittal pursuant to Rule 29).

Therefore, the Court finds that it must be recommended that defendant's Motion to Dismiss be denied without prejudice to his right to raise the issue at a different stage of the proceedings.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's motion to dismiss be denied.

/s/ James C. England
JAMES C. ENGLAND, CHIEF
United States Magistrate Judge

Date:   3/6/09