IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) | Case No. 09-03007-01-CR-S-ODS |
| SCOTT A. JOHNSON, | ) ) ) | |
| Defendant. | ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AS THE ORDER OF THE COURT**

Defendant has been indicted on ten counts of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and (e) by making sexually explicit video recordings of minors. The videos purportedly depict the minors while undressing, dressing, and weighing themselves while undressed. Defendant filed a Motion to Dismiss, arguing the Court should review the videotapes in advance of trial and determine whether they depict sexually explicit content. The Magistrate Judge (the Honorable James C. England, Chief Magistrate Judge for this District) issued a Report recommending that the motion be denied. Defendant filed objections to which the Government has not responded. After reviewing the Record de novo, the Court now overrules Defendant's objections and adopts Judge England's Report as the Order of the Court.

The crux of Defendant's argument rests on Eighth Circuit decisions detailing the legal standard for determining whether a depiction contains "sexually explicit conduct." While there are legal standards, the ultimate determination is factual and is made by the factfinder. See United States v. Horn, 187 F.3d 781, 790 (8th Cir. 1999) ("a reasonable jury could conclude that the exhibition of the pubic area was lascivious despite this minimal clothing because of the way in which the pictures are framed."); see also United States v. Bach, 400 F.3d 622, 629-30 (8th Cir. 2005); United States v. Rayl, 270 F.3d 709, 714 (8th Cir. 2001). The situation is no different than any other in which the Court

is obligated to instruct the jury as to the law and directs the jury to apply the law to the facts of the case.

Defendant then relies on Horn and Rayl for the proposition that the Court must review the pictures in advance of trial and determine whether they qualify as sexually explicit material. The Court does not agree with Defendant's interpretation of those cases. While the Court of Appeals reviewed the tapes in Horn, it did so in the context of reviewing the district court's denial of the defendant's motion for acquittal. In such a case, the court always reviews the facts of the case – so the court's review of the tapes was not unusual.

In Rayl, the Court of Appeals made the following statement:

> Because the issue raises First Amendment concerns, and because of the potential prejudice in allowing the government to introduce and submit to the jury a large volume of materials that are prurient but non-obscene along with a few materials that could properly be found to be child pornography, we think the district court should conduct a preliminary review of whether materials offered by the government for this purpose depict sexually explicit conduct as a matter of law.

270 F.3d at 714. From this, Defendant argues the Court of Appeals held district courts must conduct an independent review of the Government's evidence when the defendant contests whether the depiction is unlawful.

As a general matter, there is no procedure (other than obtaining an indictment) requiring the Government to demonstrate the sufficiency of the case before trial. There is also no mechanism for district court's to review the evidence before trial, and it is often said there is no summary judgment procedure in criminal cases. With that understanding, the Court doubts the Court of Appeals intended to create such a notable exception in this single sentence.

Moreover, the statement's context demonstrates Defendant's argument is flawed. The passage quoted above addresses a review of "materials offered by the government." The Government has not offered any materials, and will not do so until trial. That the quoted passage refers to evidence introduced at trial (and not some sort of pre-trial screening of the Government's case) is confirmed by the next sentence,

which considered whether "the court's failure to conduct such a review resulted in the wrongful admission of some materials containing what might be termed mere nudity," and the impact of that admission on the trial. Id. at 714-15.

Rayl addresses a concern that the Government may introduce a large number of photographs, some of which do not technically qualify as "sexually explicit material" but may nonetheless inflame the jury or otherwise divert the jury from the relevant inquiry. Consistent with this concern, it allows a district court to decide that certain pictures are not relevant because they depict "mere nudity" and are not "sexually explicit." Significantly, Rayl does not direct trial courts to review the sufficiency of the Government's evidence in order to decide whether the charges should be dismissed.

Defendant's objections are overruled. Judge England's Report (Doc. # 22) is adopted and the Motion to Dismiss (Doc. # 19) is denied.
IT IS SO ORDERED.

DATE: April 9, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT